UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ALBERTO AGUILAR FLORES, | Case No. 2:25-cv-1778-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | |
| Defendant. | |

The court previously ordered plaintiff to file an opposition or statement of non-opposition to defendant's motion to dismiss by no later than December 23, 2025. ECF No. 15. After plaintiff failed to timely comply with that order, the court continued the hearing on defendant's motion and ordered plaintiff to show cause why sanctions should not be imposed for failure to comply with the court's orders. ECF No. 16. The court also ordered plaintiff to file an opposition or statement of non-opposition to defendant's motion by no later than January 26, 2026. *Id.* Plaintiff was warned that failure to comply with that order could result in this action being dismissed. *Id*. The deadline has passed, and plaintiff has not filed an opposition to defendant's motion or otherwise responded to the court's order.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to

1

comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court.").

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In recommending that this action be dismissed for failure to comply with court orders, the court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

Here, plaintiff failed to respond to the order directing him to show cause why this action should not be dismissed. *See* ECF No. 16. Therefore, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support imposition of the sanction of dismissal. Lastly, the court's warning to plaintiff that failure to obey court orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The January 12, 2026 order expressly warned plaintiff that failure to comply with court orders would result in dismissal. ECF No. 16. Plaintiff had adequate warning that dismissal could result from his noncompliance. The court therefore find that the balance of factors weighs in favor of dismissal.

Accordingly, it is hereby ORDERED that:

1. The February 12, 2026 hearing on defendant's motion to dismiss is VACATED.

2. This action is dismissed without prejudice for failure to prosecute, failure to comply with the court's local rules, and failure to comply with court orders.

3. Defendant's motion to dismiss, ECF No. 11, is DENIED as moot.

4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:    February 10, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3